## Chapman v. Commonwealth.

(Decided December 19, 1924.)

### Appeal from Pike Circuit Court.

1.  Searches and Seizures—Constitutional Inhibition Applies Only to Searches by Officers of the Law.—Protection against illegal searches and seizures provided by Constitution, section 10, is directed at the sovereignty acting through its officers, and has no application to illegal searches made by private individuals as to whom the injured party is limited to his remedy in trespass.
2.  Criminal Law—Evidence Procured by Private Individual Making Illegal Search Nevertheless Admissible.—That a private individual assumes to be a public officer or assumes to act under a search warrant does not render evidence thereby disclosed inadmissible in prosecution for possession of intoxicating liquors; the

inhibition against unlawful searches and seizures applying only to public officers.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant was charged in a warrant, issued by a justice of the peace, with having intoxicating liquors in his possession. On his trial before that official he was found guilty and prosecuted an appeal to the circuit court.

There again he was found guilty, and being still dissatisfied appeals here.

The facts are that one assuming to be a deputy sheriff, but who in fact was not such, acting under what he says was a search warrant, but which is not produced, searched appellant's house and there found the liquor.

The only question necessary to consider is whether the evidence thus disclosed to a private individual, who at the time was assuming to act as an officer, was competent under our constitutional provision prohibiting unreasonable searches and seizures.

It has often been written that that section (10) was directed at the sovereignty, acting through its public officers; and the evidence thus disclosed to public officers in an illegal search or seizure has been declared incompetent against the defendant to the end that the constitutional provision may be made more effectual than if he was left alone to his remedy in trespass against the officer. It has never been held, however, to embrace or be applicable to a private individual who, through a process of spying or other form of trespass, discloses evidence against another. Manifestly as against such private individual the aggrieved party is left to his remedy in trespass.

Nor can the fact that a private individual assumes to be a public officer, or assumes to act under a search warrant, change his status so as to affect the competency of the evidence so disclosed. If so it would be comparatively easy to make such evidence thus disclosed to a private individual incompetent, because of his supposed appointment or election to public office, when the sup-

posed appointment or election on its face would be void and of no effect.

The case of Kendall v. Commonwealth, 202 Ky. 169, in its essential features was much like this. There also the witness, while not claiming to be an officer, was acting in conjunction with the officers of the law at the time he went upon the premises and procured the evidence; and yet the court held it competent because he was in fact a private individual, although apparently acting under the direction of the officers.

The prohibition is against public officers only, and the fact that one merely assumes to be such officer cannot change his status so as to affect the competency of the evidence disclosed.

Judgment affirmed.