## Copley v. Commonwealth.

(Decided April 22, 1927.)

### Appeal from Boyd Circuit Court.

1. Criminal Law.—Where officers, acting under invalid search warrant, invited a private citizen to accompany them on search of defendant's premises, held testimony of private citizen as to result of search was inadmissible; his participation in the search not having been on his own initiative.

2. Criminal Law.—In prosecution for unlawfully manufacturing whiskey, testimony of purported confession held, under Criminal Code of Practice, section 240, insufficient to go to jury on question of defendant's guilt, in absence of any other proof that an offense had been committed.

JOHN F. COLDIRON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Rees—Reversing.

The appellant was indicted in the Boyd circuit court, charged with unlawfully manufacturing whisky. On his trial he was found guilty; his punishment being fixed at a fine of $500.00 and by confinement in the county jail for a period of 6 months.

A number of peace officers testified that they searched the home and certain outbuildings in the possession of appellant and found in his barn a moonshine still. After a number of officers had testified, the attorney for the commonwealth admitted that the search warrant and the affidavit on which it was based were invalid. The testimony of the officers was excluded from the jury, and Delbert Lowe was then introduced as a witness by the commonwealth, and, over the objection of appellant, he testified that at the request of one of the officers he accompanied them to appellant's home on the occasion when the search was made, and that, after the officers had searched appellant's home and barn and found the still, he then entered the barn and saw the still in operation.

It is insisted for appellant that the testimony of the witness Lowe was incompetent, and that his motion for a directed verdict should have been sustained. It appears that the testimony of Lowe was admitted on the authority of Kendall v. Commonwealth, 202 Ky. 169, 259 S. W. 71. In that case the witness Uloth was a private citizen, and he acted alone and on his own initiative. In Chapman v. Commonwealth, 206 Ky. 439, 267 S. W. 181, the witness for the commonwealth was a private citizen, but, pretending to be an officer and to have a search warrant, searched Chapman's house and found liquor. The evidence of the witness was held competent because he was not an officer and acted entirely upon his own account.

In the instant case, however, the witness Lowe accompanied the officers at the request of one of them, and the information obtained by him as to the presence of a still on appellant's premises was the result of the illegal search by the officers, and his knowledge of its presence was not obtained as the result of a search made on his own initiative. Under these circumstances, to hold competent the testimony of the witness Lowe would be to nullify the constitutional provisions against unreasonable search and seizure, and it would only be necessary for peace officers when making a search to have with

them a private citizen who might testify as to facts disclosed by an unlawful search and a search warrant would be unnecessary.

In the recently decided case of Byers v. United States, 47 S. Ct. 248, 71 L. Ed. 331, a federal prohibition agent accompanied state officers while making a search under a defective search warrant, and it was held that the evidence thus obtained by the federal agent was not competent as the search, in substance and effect, was a joint operation of the local and federal officers. The court said:

"While it is true that the mere participation in a state search of one who is a federal officer does not render it a federal undertaking, the court must be vigilant to scrutinize the attendant facts with an eye to detect and a hand to prevent violations of the Constitution by circuitous and indirect methods. Constitutional provisions for the security of person and property are to be liberally construed, and 'it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon.' Boyd v. United States, 116 U. S. 616, 635, 6 S. Ct. 524, 29 L. Ed. 746, 752; Gouled v. United States, 255 U. S. 298, 304, 41 S. Ct. 261, 65 L. Ed. [647] 650. . . . We do not question the right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account. But the rule is otherwise when the federal government itself, through its agents acting as such, participates in the wrongful search and seizure. To hold the contrary would be to disregard the plain spirit and purpose of the constitutional prohibitions intended to secure the people against unauthorized official action. The Fourth Amendment was adopted in view of long misuse of power in the matter of searches and seizures both in England and the colonies; and the assurance against any revival of it, so carefully embodied in the fundamental law, is not to be impaired by judicial sanction of equivocal methods, which, regarded superficially, may seem to escape the challenge of illegality but which, in reality, strike at the substance of the constitutional right."

After being arrested, the appellant stated to one of the officers that he had been making whisky for about a year, but he did not state where he had been making it. But, conceding his statement to be a confession, with Lowe's testimony eliminated, there was no other proof that an offense had been committed. Criminal Code, section 240. The testimony of the witness Lowe was incompetent, and should have been excluded from the jury, and, there being no other competent testimony tending to show that the offense charged had been committed, appellant's motion for a directed verdict should have been sustained.

All other questions discussed in brief for appellant are expressly reserved. Wherefore appellant's motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.