## Gilliam et ux. v. Commonwealth.

(Decided March 17, 1936).

J. P. CHENAULT for appellants.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

The appellants, Kenneth Gilliam and Eva Gilliam, and one Park Bicknell were tried under an indictment charging them with knowingly receiving stolen property. At the trial the prosecution was dismissed as to Bicknell because of insufficient evidence against him, but appellants were found guilty, and each was sentenced to a term of four years in the penitentiary.

On this appeal it is urged that the judgment should be reversed (1) because the evidence was not sufficient to take the case to the jury, and therefore appellants' motion for a directed verdict in their favor should have been sustained; and (2) because the trial court erred in failing to give an instruction under section 240 of the Criminal Code of Practice.

Eva Gilliam is the wife of Kenneth Gilliam. On the night of February 6, 1935, thirty-two pieces of meat were stolen from the smokehouse of Floyd Smith, a resident of Madison county. The proof shows that the meat was worth approximately $80. Wayne Johnson notified Smith that he knew where this meat was located and, for a consideration, would take him to the place where it was stored. About midnight on February 10, 1935, Wayne Johnson took Mose Smith, a broth-

er, and Virgil Smith, a nephew, of Floyd Smith, to the Gilliam home in Richmond, Ky., opened the door of an outhouse on the premises, and pointed out the meat to them. The two Smiths thereupon returned to a point about a block away where Floyd Smith was stationed and told him that they had found the meat on appellants' premises. The three Smiths, accompanied by three deputy sheriffs, then went to the Gilliam smokehouse. where Floyd Smith identified twenty pieces of the stolen meat. Leslie Turpin, one of the deputy sheriffs, then went to the house and awoke the Gilliams, and asked them where they had obtained the meat, and Mrs. Gilliam told him it had been bought from Boone Simpson.

The testimony of Floyd Smith and Leslie Turpin was, on motion of appellants, excluded from the consideration of the jury, for the obvious reason that the evidence as to the possession of the stolen property by appellants was procured by an illegal search of the Gilliam premises. Virgil Smith, a nephew of Floyd Smith, testified, however, in regard to the theft of the meat, its discovery, and identification, and no objection was made to his testimony. It is suggested that the objection to the testimony of Floyd Smith and Lester Turpin was intended to apply to all evidence disclosed by the search of appellants' premises, and should be extended to the testimony of Virgil Smith. Section 10 of our Constitution, which prohibits unreasonable searches and seizures, is not applicable to a private individual acting on his own initiative, and the aggrieved party is left to his remedy in trespass. The prohibition is against public officers only. Chapman v. Commonwealth, 206 Ky. 439, 267 S. W. 181. Virgil Smith, accompanied by Mose Smith and Wayne Johnson, went upon appellants' premises and found the stolen property. They acted apparently at the request of Floyd Smith, and not at the request of, or in connection with, any officers; and the rule announced in Copley v. Commonwealth, 219 Ky. 498, 293 S. W. 981, to the effect that the testimony of a private citizen who participates in an illegal search on the invitation of officers is inadmissible, has no application.

George Gilliam, uncle of appellant, Kenneth Gilliam, testified that Kenneth Gilliam came to his home after the theft and said "they were accusing him of

taking some meat and he wanted to make it appear that Boone Simpson got it.'' He testified that Mrs. Gilliam said "she told the boys not to do anything like that.'' Willie Gilliam, son of George Gilliam and cousin of appellant, Kenneth Gilliam, testified that Kenneth Gilliam and Ovie Bicknell came to his father's home and stated in his presence that they and Boone Simpson had taken the meat, and they wanted to put it off on Simpson. Mrs. Eva Gilliam testified that Boone Simpson came to her house one day about noon, accompanied by her husband, and that her husband purchased from him on that occasion 360 pounds of meat at 12 cents per pound. She did not know that it had been stolen, and did not know Boone Simpson. Kenneth Gilliam testified that Boone Simpson approached him on the street in Richmond, and, in the presence of Preston Cundiff, offered to sell him the meat, and that he did purchase the meat for $43. Preston Cundiff, who admitted that he had been convicted of a felony, testified that he was present when Kenneth Gilliam purchased the meat from Boone Simpson, and that he saw them drive off together. Another witness testified that he was present in the Gilliam home when Simpson delivered and was paid for the meat.

The evidence was amply sufficient to take the case to the jury and to sustain its verdict as to Kenneth Gilliam. The theft of the meat was proved, and Gilliam admitted that he had part of it in his possession, though he claimed he purchased it from Boone Simpson. These facts, taken in connection with his statements to his uncle and cousin, made a case for the jury. We are unable, however, to find any evidence which tends to create more than a mere suspicion that Mrs. Gilliam had any guilty knowledge of the transaction. The motion for a directed verdict of acquittal as to her should have been sustained.

It is finally insisted that the trial court erred in failing to give an instruction under section 240 of the Criminal Code of Practice, which reads:

"A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed.''

Where the corpus delicti is not conclusively

proved, except by a confession by the accused, a specific instruction under this section should be given Bond v. Commonwealth, 236 Ky. 472, 33 S. W. (2d) 320. Even if the statements made by Kenneth Gilliam be treated as confessions, a specific instruction under section 240 of the Criminal Code of Practice was not necessary, since the corpus delicti was clearly proved by other evidence.

In addition to the testimony of Virgil Smith, the owner of the stolen meat, Floyd Smith, was recalled, after his testimony had been excluded from the consideration of the jury, and he testified as to the number and weight of the pieces of meat which had been stolen from his smokehouse. This testimony was competent.

In Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497, 501, it was said:

"Where a confession by an accused is proven, the rule relating to instructing the jury in regard to it, as provided in section 240, Criminal Code, is, if the corpus delicti of the crime is clearly proven by other evidence independent of the proof of the confession by the accused, an instruction will not be given in accordance with section 240, supra; but if the proof, other than that of the confession, leaves it doubtful whether the crime has been committed, then the instruction should be given, as provided by section 240, supra."

See, also, Abdon v. Commonwealth, 237 Ky. 21, 34 S. W. (2d) 742, and the cases therein cited.

Since, in the instant case, the corpus delicti was clearly proved by evidence other than the admission of appellant Kenneth Gilliam, an instruction under section 240 of the Criminal Code of Practice was unnecessary.

The judgment as to Kenneth Gilliam is affirmed, and the judgment as to Eva Gilliam is reversed, with directions to grant her a new trial.