## Thacker v. Commonwealth.

June 17, 1949.

W. R. Lay, W. L. Hammond and Grant F. Knuckles for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, James Thacker, has been sentenced to imprisonment for a term of two years after conviction for carrying concealed on his person a deadly weapon. He seeks reversal of the judgment on several grounds, but complains principally of certain evidence which was admitted over his objections. He was arrested at Pineville in Bell County on July 2, 1948, by John Hoskins and Lawrence Rice who testified that they searched him and found a 38-calibre pistol concealed in his right trousers pocket. Appellant admitted that he had the pistol on his person, but denied that it was concealed. He testified that the pocket in which he carried the pistol was shallow, and that the handle of the pistol was exposed. Neither of the arresting persons was a public officer, and it is first argued that they had no information sufficient to authorize a private person to arrest the appellant for a felony.

The evidence discloses that a strike of the employees of the Cumberland Coach Line was in progress, and the bus company was endeavoring to operate its buses with drivers who were not employed by it when the strike began. About 8 a. m. on July 2, 1948, one of the buses driven by a man named Hendrickson was fired into from ambush while the bus was crossing the mountain from Straight Creek to Red Bird River, and Hendrickson was

killed. A two-toned Kaiser automobile bearing a Tennessee license was seen leaving the scene of the killing. News of the murder spread rapidly, and the description of the car, including the number on the license plate, was given out by state, county and city police officers with directions that anyone seeing the car should stop it and arrest the occupants. Lawrence Rice, uncle of the deceased bus driver, went from his home in Lynch, Harlan County, to Pineville, where he learned the particulars of the crime and the description of the automobile from the sheriff of Bell County, the police officers of Pineville, and members of the state patrol. He testified that he was directed by the officers "to watch for a Frazer or Kaiser car, a two-toned car, bearing Tennessee license and pick him up anywhere at any time." Rice, accompanied by John Hoskins, local manager of the Cumberland Coach Line, began patrolling the roads near Pineville, and about 4 p. m. saw a car answering the description given them. They followed the car through Pineville, but did not overtake it. About 8 p. m. they again saw the car as it was leaving a filling station in Pineville. They stopped it and arrested the occupants who were the appellant, two women, and Clyde Spence. Appellant was driving the car. The facts in possession of Hoskins and Rice constituted reasonable grounds for believing that appellant had committed a felony and authorized them, although they were not peace officers, to make the arrest. Section 37, Criminal Code of Practice.

It is suggested in brief for the Commonwealth that the evidence obtained by the search was competent, although obtained through some form of trespass, since section 10 of our Constitution, against unreasonable search and seizure, is directed at the sovereignty, acting through its public officers, and not at private individuals. Chapman v. Commonwealth, 206 Ky. 439, 267 S. W. 181, is cited. There, it was held that as against a private individual the aggrieved party is left to his remedy in trespass, but in Copley v. Commonwealth, 219 Ky. 498, 293 S. W. 981, it was held, in effect, that a private individual, acting in concert with or at the direction of a peace officer, is subject to the prohibitions of section 10 of the Constitution. Cf. Gilliam v. Commonwealth, 263 Ky. 342, 92 S. W. 2d 346. Furthermore, a private person

making an arrest pursuant to section 37 of the Criminal Code of Practice is acting for and on behalf of the sovereignty.

It was proper for the Commonwealth to introduce evidence to show that the private individuals who made the arrest had reasonable grounds for believing that the person arrested had committed a felony, but the Commonwealth went farther and introduced evidence concerning the murder which had no bearing on the right of Hoskins and Rice to make the arrest. Rice was asked: "Did you believe or have information that he (appellant) was connected with the other matter?" and he answered: "I did, and (he) was indicted for it." The indictment was returned after the arrest, and, of course, had no bearing on Rice's right to arrest appellant. The court erroneously overruled the motion to strike the answer of the witness. The Commonwealth introduced the County Attorney of Bell County who testified that he made an investigation of the murder of the bus driver and directed Rice and others "to pick up this two-toned car and Jim Thacker, we had information he was driving this two-toned car, and I told them whether he was an officer or not to stop this car and arrest anybody in it." Later he was asked: "Was your investigation such as to indicate he (appellant) was involved in this killing?" An objection to the question was overruled, and the witness answered: "It was." Under the circumstances of this case, this testimony was highly prejudicial. It drew the attention of the jury to another crime which had aroused bitter feeling in the community, and was wholly irrelevant to the offense for which appellant was being tried. The opinion of the County Attorney as to the guilt of appellant of the murder of Hendrickson had no bearing on the right of Hoskins and Rice to make the arrest. The evidence does not fall in any of the exceptions to the general rule that proof of another crime is error. Jones v. Commonwealth, 303 Ky. 666, 198 S. W. 2d 969; Hickey v. Commonwealth, 185 Ky. 570, 215 S. W. 431.

Appellant complains because the court refused to grant him sufficient time at the conclusion of the evidence to obtain from his home in Middlesboro the trousers he wore when he was arrested. He claims they would

706

have shown conclusively that the pistol could not have been concealed. This ground need not be considered, since the judgment must be reversed because incompetent evidence was admitted.

The judgment is reversed with directions to grant appellant a new trial.