626 P.2d 1109

**Jessie WOODS, Petitioner/Appellee,**

**v.**

**The CITY COURT OF the CITY OF TUC-SON, State of Arizona, The Honorable Fred Dardis, a Judge thereof, and The State of Arizona, Real Party in Interest, Respondents/Appellants.**

**No. 2 CA–CIV 3671.**

Court of Appeals of Arizona,
Division 2.

Feb. 2, 1981.

Rehearing Denied March 18, 1981.

Review Denied April 14, 1981.

Thomas G. Goddard, Tucson, for petitioner/appellee.

Frederick S. Dean, City Atty. by Michael E. Owen, Tucson, for respondents/appellants.

OPINION

HATHAWAY, Chief Judge.

This appeal raises the issue of whether the superior court's ordering the city magistrate to grant defendant's motion to suppress in a shoplifting prosecution is supportable. The state contends on appeal that since defendant made incriminating statements to a private security guard who was not required to give Miranda[1] warnings, the superior court should not have ordered the city magistrate to grant the defendant's motion to suppress. We agree.

On November 10, 1979, defendant was detained for shoplifting by Sergio Murueta, a private employee of the security section of Lucky's Stores, Inc. After her detention, she made incriminating statements to Murueta, who did not give her Miranda warnings. Defendant contends that a sheriff's deputy was present at both the detention and the questioning and that Miranda warnings were required. Additionally, she argues that a "merchant or his agent . . . may detain . . . any person suspected of shoplifting," under A.R.S. Sec. 13–1805(C), and thus enjoys a special position, a power greater than that granted the ordinary citizen who, as to misdemeanors, may arrest only for misdemeanors amounting to a breach of the peace committed in that person's presence. A.R.S. Sec. 13–3884. This, defendant argues, along with the higher level of immunity granted merchants and their agents under A.R.S. Sec. 13–1805(D) over that enjoyed by ordinary private citizens, transforms them into officers of the state for purposes of the Fourth and Fifth Amendments.

The Arizona Supreme Court has held that private security guards need not give Miranda warnings before questioning detained suspects. *State v. Lombardo*, 104 Ariz. 598, 457 P.2d 275 (1969). See also, *Stonehill v. United States*, 405 F.2d 738 (9th Cir. 1968), *cert. den.* 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 747, *reh. den.*, 396 U.S. 870, 90 S.Ct. 39, 24 L.Ed.2d 125 (1969); *United States v. Antonelli*, 434 F.2d 335 (2nd Cir.

1970); *United States v. Casteel*, 476 F.2d 152 (10th Cir. 1973); *United States v. Bolden*, 461 F.2d 998 (8th Cir. 1972); *State v. Pearson*, 15 Or.App. 1, 514 P.2d 884 (1973); *State v. McDaniel*, 44 Ohio App.2d 163, 337 N.E.2d 173 (1975); Annot., 31 A.L.R.3d 565, 666 (1970). The record does not support defendant's argument that the deputy's presence required Miranda warnings. The deputy was off-duty and not in uniform and appeared simply to have been present in the store. Defendant equivocated in her testimony as to her knowledge of the deputy's occupation. To bring private action within the purview of the constitution, wilful participation is required in joint activity with the state. *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). The record is devoid of such activity in the instant case. But cf., *Stapleton v. Superior Court*, 70 Cal.2d 97, 447 P.2d 967, 73 Cal. Rptr. 575 (1969) (where a well-coordinated operation by police and credit card agents required suppression of evidence obtained).

Defendant cites *People v. Jones*, 47 N.Y.2d 528, 393 N.E.2d 443, 419 N.Y.S.2d 447 (1979), as virtually identical to the present case. A reading of the case, however, discloses otherwise. There, one of the police physically contacted the defendant, identified himself as a policeman by displaying his badge, and instructed him to "keep his hands on the wall." The defendant was then handcuffed and taken by store security personnel who had him sign various items, including a form confession. In *People v. Diaz*, 85 Misc.2d 41, 376 N.Y.S.2d 849 (1975), also cited by defendant, the "special patrolman" there involved was licensed by the city, appointed by the police commissioner and possessed powers beyond those of an ordinary citizen. *Thacker v. Commonwealth*, 310 Ky. 702, 221 S.W.2d 682 (1949), appears to support defendant's position. There, the Kentucky Court of Appeals held that a private person making an arrest based on reasonable grounds that a person arrested has committed a felony is acting on behalf of the sovereignty and is subject to the inhibitions of constitutional

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

provisions against unreasonable searches and seizures. We believe that this holding is inconsistent with the Arizona view adopted in *Lombardo*, supra. See also, *State v. Hess*, 9 Ariz.App. 29, 449 P.2d 46 (1969).

 We reject defendant's argument that A.R.S. Secs. 13–1805(C) and (D), enacted after *Lombardo*, transform the private security guard into a government agent within the purview of *Miranda*. *Miranda* affords protection during "custodial interrogation," which term was applied to "questioning initiated by law enforcement officers." The statutes in question are for the benefit of merchants in protecting against shoplifting. In *State v. Bolan*, 27 Ohio St.2d 15, 271 N.E.2d 839 (1971), the Ohio Supreme Court, in dealing with a statute providing for the detention of a suspected shoplifter, stated:

> "In our opinion, the limited right of temporary detention extended to a merchant's employee by R.C. Sec. 2935.041 does not place him in the category of a 'law enforcement officer' within the purview of *Miranda*.
>
> Essentially this same conclusion has been reached almost uniformly by courts of other jurisdictions. The rationale of these cases is that the duty of giving '*Miranda* warnings' is limited to employees of governmental agencies whose function is to enforce law, or to those acting for such law enforcement agencies by direction of the agencies; that it does not include private citizens not directed or controlled by a law enforcement agency, even though their efforts might aid in law enforcement." 27 Ohio St.2d at 18, 271 N.E.2d at 842.

There is no showing in the record that the private security guard was controlled by law enforcement agencies, nor is there any showing of action in concert with the government. Merchants obviously are interested in the apprehension and conviction of shoplifters. We are not, however, inclined to extend *Miranda* to private activity because it may produce evidence which may be used in criminal prosecutions. To do so would be to lose sight of the purpose of *Miranda*, which is to deter police misconduct by precluding the government's use of misbegotten evidence.

Since we find no basis for supporting the superior court ruling under 17A A.R.S., Special Actions, Rules of Procedure, rule 3, which sets forth the only questions that may be raised in special actions, the order granting the defendant's motion to suppress is vacated and the city magistrate's order denying the motion is reinstated.

HOWARD and BIRDSALL, JJ., concur.