916 P.2d 1170

**STATE of Arizona, Appellee,**

v.

**Duane William ANDERSON, Appellant.**

**No. 1 CA–CR 95–0176.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 20, 1996.

Review Denied May 21, 1996.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Jack Roberts, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

NOYES, Judge.

Duane William Anderson ("Appellant") was found guilty of shoplifting five bottles of liquor worth about $90.00, and he was sentenced to prison. Shoplifting property with a value of less than $250.00 is ordinarily a class 1 misdemeanor, but it is enhanced to a class 4 felony by Arizona Revised Statutes Annotated ("A.R.S.") section 13–1805(I) (Supp. 1995) when the State alleges and proves, as it

did here, that the offender has two prior shoplifting convictions within the past five years. The records of Appellant's prior convictions, however, do not reflect that he was represented by counsel, and they do not reflect that he was advised of his right to counsel and waived his right to counsel. Appellant argued in the trial court and argues on appeal that a prior uncounselled conviction cannot enhance the classification of a subsequent charge unless the record of the prior conviction reflects that defendant was advised of and waived his right to counsel. We agree that this has been the law in Arizona since at least 1968, and we reject the State's argument that a recent U.S. Supreme Court opinion requires a change in Arizona law.

## I

The facts are clear, the circumstances aggravating. On August 21, 1994, Appellant went into a Smitty's store and unboxed five bottles of liquor, hid the bottles inside his shirt, and left the store. This activity was witnessed by a security officer and recorded by a surveillance camera. After capturing Appellant, the security officer gave him a sheet of paper and invited him to relate the "what-how-why" of the events. Appellant wrote, "Leave the Crown Royal out [sic] the box," and explained to the security officer that "it was simpler if he didn't have to unbox it himself." Appellant also told the security officer that stealing liquor was his job, and that "he would be out the next morning and be on about his business." After police arrived and gave Appellant his *Miranda* warnings, Appellant told the officer that he could make up to $1,100 a week stealing liquor, so "why should he be flipping hamburgers?" Prior to trial, the State did not discover Appellant's two prior felony convictions, but it did discover several prior misdemeanor shoplifting convictions, and alleged two of them to enhance the current charge to a class 4 felony.

At trial, the State proved the prior misdemeanor convictions by matching Appellant's in-court fingerprint to those on certified copies of two complaints from Phoenix Municipal Court. Each complaint charged Appellant

with a 1994 misdemeanor shoplifting violation, one in March and one in April. Neither complaint indicated whether Appellant was indigent, represented by counsel, advised of his right to counsel, or validly waived his right to counsel. Each complaint contained pre-printed language that stated "Defendant advised of legal rights," followed by a handwritten mark signifying that Appellant had pleaded guilty at his arraignment. One complaint indicates that Appellant was placed on probation, and there is no claim that he was sentenced to jail in the other case.

At the close of the evidence at the felony trial, Appellant moved for a judgment of acquittal on grounds that an uncounselled misdemeanor conviction may not be used to enhance a subsequent charge when the record of the prior conviction does not indicate that defendant was advised of and waived his right to counsel. The trial court denied the motion. The jury found Appellant guilty as charged. At the sentencing hearing, Appellant and several witnesses gave effective mitigating testimony on his behalf. Finding that the mitigating factors balanced the aggravating factors, the trial court imposed a presumptive prison sentence of two and a half years, with credit for 180 days served.

Appellant filed a timely appeal. We have jurisdiction pursuant to Arizona Constitution article 6, section 9, and A.R.S. sections 12–120.21 (1992), 13–4031 (1989), and 13–4033 (Supp.1995).

## II

The issue raised in this appeal was decided squarely in favor of Appellant by *State v. Reagan*, 103 Ariz. 287, 289, 440 P.2d 907, 909 (1968). Reagan, like Appellant, was arrested while stealing liquor from a store. In Reagan's case, the charge was "petty theft," a misdemeanor that the State enhanced to a felony for sentencing purposes by alleging that Reagan had a prior petty theft conviction. *Id.* at 288, 440 P.2d at 908. As in Appellant's case, the record of Reagan's prior conviction did not show that he was represented by counsel, and it did "not reveal whether defendant was advised of the right to counsel, or that he waived his right to counsel." *Id.* Reagan held that before a

conviction can be used to enhance a subsequent prosecution, "the record of that prior conviction [must] show that defendant was represented by counsel, or advised of his rights to counsel and waived his right to counsel." *Id.* at 289, 440 P.2d at 909.

On appeal, the State concedes that *Reagan* is directly on point, but argues that we should reject *Reagan* and follow *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), which holds that a prior uncounselled conviction *may* be used to enhance subsequent sentencing or charging of a defendant. *Id.* at ——, 114 S.Ct. at 1927. *Nichols* expressly overruled *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which held that a prior uncounselled conviction *may not* be used to enhance a subsequent charge. *Nichols*, 511 U.S. at ——, 114 S.Ct. at 1928.

Some states that once followed *Baldasar* have rejected it and now follow *Nichols*. *See, e.g., Kansas v. Delacruz*, 258 Kan. 129, 899 P.2d 1042, 1046–47 (1995) (overruling *Kansas v. Priest*, 239 Kan. 681, 722 P.2d 576 (1986)); *West Virginia v. Hopkins*, 192 W.Va. 483, 490, 453 S.E.2d 317, 324 (1994)· (overruling *West Virginia v. Armstrong*, 175 W.Va. 381, 332 S.E.2d 837 (1985)).

In Arizona, however, the question is more complicated than simply deciding whether to follow *Nichols* or *Baldasar.* Arizona's existing law on the subsequent use of uncounselled misdemeanors does not rely on *Baldasar;* it relies on *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and the right-to-counsel line of cases. *See State v. Renaud*, 108 Ariz. 417, 418, 499 P.2d 712, 713 (1972); *Reagan*, 103 Ariz. at 288–89, 440 P.2d at 908–09. The demise of *Baldasar*, therefore, does not necessarily undermine *Reagan.* In fact, *Nichols* itself lends some support to the continued vitality of *Reagan.* *Nichols* advises that states are free to expand the right to counsel based on their own constitutions or public policy considerations. *Nichols*, 511 U.S. at —— n. 12, 114 S.Ct. at 1928 n. 12. Arizona has done this as evidenced by *Reagan.* *See also* Ariz.R.Crim.P. 6.1(b) (providing that an indigent is entitled to counsel in "any criminal proceeding which may result in punishment by loss of liberty and in any other criminal proceeding in which the court concludes that the interests of justice so require.")

■ The State argues that *Reagan* is wrong and should be overruled. That question is not ours to answer; the court of appeals has no power to overturn a decision of the supreme court. *State v. Lichon*, 163 Ariz. 186, 192, 786 P.2d 1037, 1043 (App. 1989).

In denying Appellant's objection to the prior convictions, the trial court stated that it found no evidence that Appellant was indigent, and that Appellant's statement about making $1,100 a week stealing liquor was some indication that he was not indigent. But the record establishes that Appellant was a crack cocaine addict who stole to support his drug habit. Even if one accepts at face value Appellant's statement to the arresting officer in August that he made $1,100 a week stealing liquor, that statement says little about Appellant's ability to retain counsel at the time of his prior arrests in March and April.

■ The trial court also found that the pre-printed "Defendant advised of legal rights" language on the complaints should be read to include advice of the right to counsel. But even if one could make this assumption, the record is still silent about whether Appellant, after being advised of his rights, then validly waived his right to counsel. "Presuming waiver of counsel from a silent record is not permissible." *Reagan*, 103 Ariz. at 288, 440 P.2d at 908.

■ For his other issue on appeal, Appellant argues that the trial court erred in allowing the security officer to testify about statements Appellant made before police arrived and gave him the *Miranda* warnings. We find no error. This security officer was a civilian employee, a private security guard. Such persons ordinarily have no obligation to Mirandize detained suspects, and there are no facts in this record to warrant a different conclusion. *State v. Lombardo*, 104 Ariz. 598, 600, 457 P.2d 275, 277 (1969); *Woods v. City Court of Tucson*, 128 Ariz. 477, 478, 626 P.2d 1109, 1110 (App.1981).

## III

The conviction is affirmed as modified to reflect that the Appellant was convicted of shoplifting property valued at $250.00 or less, a class 1 misdemeanor in violation of A.R.S. sections 13–1805(A) and (G). The sentence is vacated and the case is remanded for resentencing.

GRANT, P.J., and EHRLICH, J., concur.