986 P.2d 219

**STATE of Arizona, Appellee,**

v.

**Gerald Clarence HOOVER, Appellant.**

**No. 1 CA–CR 97–0685.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 22, 1998.

Review Denied Sept. 21, 1999.

Grant Woods, The Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 Gerald Clarence Hoover (defendant) appeals his conviction and sentence on one count of drive-by shooting, a class 2 dangerous felony in violation of Ariz.Rev.Stat. Ann. (A.R.S.) § 13–1209 (Supp.1996). Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In the early morning hours of January 11, 1996, while parked in a vacant lot in a neighborhood in southwest Phoenix, two police officers observed a gray Chevrolet pickup truck drive by them at a normal rate of speed. Less than five minutes later, the officers again observed the truck driving the same direction on the street. This time, however, the truck was traveling very slowly and its lights were turned off. As the officers watched, the truck stopped in front of a nearby residence. The passenger of the truck stuck a gun out of the window and fired one shot toward the house. The truck turned on its lights, drove past the two patrol cars, and continued north up the street. The officers pursued the truck, stopping it a short distance down the road.

¶ 3 The officers arrested the truck's driver, Andrew Savala, and defendant, who was the passenger. Both men were unarmed, and a search of the truck revealed no weapons. Retracing the truck's path, the officers discovered a Colt .38 pistol lying on the side of the road a short distance from the scene of the arrest. The pistol contained five live rounds and one empty shell casing.

¶ 4 Defendant initially denied any knowledge of the shooting or the pistol. Later, however, he confessed that he fired the weapon into the air as a "warning" to his nephew, Greg. Defendant testified that he went to the house intending to ask for assistance in locating his nephew. Defendant told the police that Greg had threatened to burn down his house and his truck, and he also believed that Greg had burglarized his home. Defendant testified that although he meant to pull the trigger, he did not intend to hurt Greg or anyone in the home. The subsequent police investigation revealed that three adults and six children were asleep in the residence when defendant fired the pistol.

¶ 5 The state subsequently charged defendant by information with one count of drive-by shooting, a class 2 dangerous felony in violation of A.R.S. § 13–1209. A jury convicted him of that offense. The trial court found the offense to be dangerous and sentenced him to a mitigated prison sentence of seven years. The trial court awarded defendant credit for thirty-two days of presentence incarceration. Defendant timely appealed from the conviction and sentence.

## DISCUSSION

¶ 6 We view the evidence in the light most favorable to sustaining the verdict, resolving all reasonable inferences therefrom against the defendant. *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992) (citing *State v. Guerra,* 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989)).

¶ 7 Defendant presents two issues for our review: 1) whether the trial court erred in denying defendant's request for an instruction on endangerment as a lesser-included offense of drive-by shooting and 2) whether the trial court erred in denying defendant's requested reasonable doubt instruction.

### I. Denial of Request for Endangerment Instruction

¶ 8 Defendant requested that the trial court instruct the jury on the crime of endangerment as a lesser-included offense of drive-by shooting. The trial court denied the requested instruction, concluding that endangerment was not a lesser-included offense of drive-by shooting because it was possible to commit the latter offense without also com-

mitting the former. Defendant challenges that ruling on appeal.

¶ 9 Since the legislature's enactment of the drive-by shooting statute in 1994, we have not had occasion to determine whether endangerment is a necessarily lesser-included offense of drive-by shooting. We recently suggested that "[a] case can be made for the proposition that one cannot commit the crime of drive-by shooting without also committing endangerment." *State v. Torres–Mercado*, 191 Ariz. 279, 283, 955 P.2d 35, 39 (App.1997). However, our resolution of that case did not require us to resolve the question raised here. Presented with the issue in this case, we now hold that endangerment is not a necessarily lesser-included offense of drive-by shooting.

 ¶ 10 "An instruction on a lesser-included offense is proper if the crime in question is a lesser-included offense of the crime charged *and* the evidence otherwise supports the giving of the instruction." *State v. King*, 166 Ariz. 342, 343, 802 P.2d 1041, 1042 (App.1990). An offense is a "lesser-included offense" only if 1) the lesser offense is, by its very nature, always a constituent part of the greater offense charged, or 2) the charging document describes the lesser offense even though it is not always a constituent element of the greater offense. *State v. Ennis*, 142 Ariz. 311, 314, 689 P.2d 570, 573 (App.1984).

¶ 11 The charging document in this case simply tracks the language of the drive-by shooting statute and does not "describe" the offense of endangerment. An endangerment instruction would thus have been appropriate only if endangerment is, by necessity, a lesser-included offense of drive-by shooting, meaning that it is impossible to commit a drive-by shooting without also committing the offense of endangerment. *See State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983) (finding that theft is a lesser-included offense of robbery).

¶ 12 A person commits drive-by shooting by 1) intentionally discharging a weapon, 2) from a motor vehicle, 3) at a person, another occupied vehicle, or an occupied structure. A.R.S. § 13–1209 (Supp.1997). The drive-by shooting statute expressly provides that the term "occupied structure" has the same meaning prescribed in A.R.S. § 13–3101. A.R.S. § 13–1209(E)(2) (Supp.1997). Pursuant to A.R.S. § 13–3101, an "occupied structure" includes, among other things, "any dwelling house, whether occupied, unoccupied or vacant." Thus, according to A.R.S. § 13–1209, a person could commit the offense of drive-by shooting by intentionally firing a weapon from a motor vehicle at an unoccupied or vacant house located miles from any other structure or person. A defendant commits endangerment, however, only "by recklessly endangering *another person* with a substantial risk of imminent death or physical injury." A.R.S. § 13–1201(A) (1989) (emphasis added). Because shots fired from a motor vehicle at an unoccupied or vacant structure need not necessarily endanger another person, endangerment is not, by its nature, always a lesser-included offense of drive-by shooting. We therefore find no error in the trial court's denial of defendant's request for an endangerment instruction in this case.

## II. Denial of Request to Amend the *Portillo* Reasonable Doubt Instruction

 ¶ 13 Defendant maintains that the reasonable doubt instruction mandated by *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995), is constitutionally deficient in several aspects. Accordingly, at trial, he requested that the court amend the instruction to include various sentences and phrases intended to clarify the distinction between proof beyond a reasonable doubt and proof by clear and convincing evidence. The trial court refused to give the amended instruction, a ruling defendant challenges as structural error on appeal.

¶ 14 We reject defendant's argument. The trial court's refusal to amend the *Portillo* instruction would have been error only if that instruction were constitutionally deficient. We are not at liberty, however, to find the *Portillo* instruction unconstitutional. Our supreme court has expressly approved of the instruction and has ordered that trial courts give it in all criminal cases. We have no authority to overrule the supreme court's

decision on this matter. *See State v. Anderson,* 185 Ariz. 454, 456, 916 P.2d 1170, 1172 (App.1996) (our court not empowered to overturn decision of Arizona Supreme Court); *see also State v. Jones,* 182 Ariz. 243, 245–46, 895 P.2d 1006, 1008–09 (App.1994) (rejecting argument that the "firmly convinced" language of the *Portillo* instruction is constitutionally deficient).

## CONCLUSION

¶ 15 Finding no error, we affirm defendant's conviction and sentence.

CONCURRING: EDWARD C. VOSS, Judge, and NOEL FIDEL, Judge.