440 P.2d 907

STATE of Arizona, Plaintiff,

v.

Charles REAGAN, Defendant.

No. 1864.

Supreme Court of Arizona.

In Banc.

April 25, 1968.

Rehearing Denied May 28, 1968.

Robert Corbin, Maricopa County Atty., for plaintiff.

John M. Levy, Phoenix, for defendant.

McFARLAND, Chief Justice:

This case has been certified to us by the Superior Court, Maricopa County, Honorable Charles L. Hardy presiding, pursuant to Rule 346, Rules of Criminal Procedure, 17 A.R.S. Defendant Charles Reagan has been found guilty of the charge of petty theft with a prior conviction under Arizona Revised Statutes, Section 13–663 (1963) and Section 13–1649, but defendant has not yet been sentenced due to the pendency of this certification.

The issue to be decided by this Court is whether defendant may be sentenced for this subsequent conviction of petty theft (with a prior conviction) under the enhanced-punishment provisions of the recidivist statute, A.R.S. § 13–1649, which provides, in part, that a subsequent convic-

-tion of any crime after defendant has been previously convicted of the crime of petty theft constitutes a felony, where the record of the prior conviction of petty theft shows that defendant had not been represented by counsel, and the record of that prior conviction is silent regarding his being advised of his right to counsel, or having waived his right to counsel. The question thus presented does not involve trials for petty theft misdemeanors without allegations of prior convictions.

On September 7, 1965, defendant was adjudged guilty by the city court of the City of Phoenix, Maricopa County, Arizona, of the crime of petty theft, as defined by Arizona Revised Statutes, Sections 13–661 (1939) and 13–663 (1963). At that time defendant was not represented by counsel, and the city court's record does not reveal whether defendant was advised of the right to counsel, or that he waived his right to counsel. Defendant's conviction of the misdemeanor of petty theft was punishable by imprisonment in the county jail not to exceed six months, or by a fine not to exceed $300, or both, under Arizona Revised Statutes, Sections 13–671 (1939) and 13–1645 (1939).

On November 29, 1967, defendant was adjudged guilty of the crime of petty theft, and of having been previously convicted of petty theft, under A.R.S. Sections 13–663 and 13–1649. Defendant was represented by counsel at the second trial. His subsequent conviction for the petty theft of a fifth of Cutty Sark Scotch Whiskey from a Circle K Market, coupled with the prior conviction of petty theft, constitutes a felony under the recidivist provisions.

We must determine if the recidivist statute can be properly invoked to enhance the punishment upon petty theft with a prior conviction which constitutes a felony in light of the fact that at the trial for the prior conviction of petty theft, a misdemeanor, defendant was not represented by counsel, and the record of that first trial is silent as to defendant's being advised of

his right to counsel or having waived his right to counsel.

In the landmark case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, the Supreme Court of the United States held that a person accused of a felony has a fundamental right under the Sixth and Fourteenth Amendments to representation by counsel. And, on November 13, 1967, in the case of Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319, the Supreme Court of the United States held that where certified records of Tennessee forgery convictions which were felonies did not show that defendant was represented by counsel, or that he waived counsel, the records raised a presumption that defendant was denied his right to counsel in violation of the Sixth Amendment, and therefore the Tennessee prior convictions could not be introduced to support guilt or enhance defendant's punishment under the Texas recidivist statutes on the subsequent conviction.

■ Presuming waiver of counsel from a silent record is not permissible. Burgett v. State of Texas, supra; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Therefore, we cannot assume in the instant case that in the prior conviction the defendant had the benefit of counsel or that he had validly waived his right to counsel.

■ The question then is whether under this state of the record the prior conviction may be used to enhance the crime to that of a felony instead of a misdemeanor. In Arizona the Gideon [supra] rule of fundamental right to counsel has been extended beyond just felony prosecutions to include also prosecution for "serious offenses." State v. Anderson, 96 Ariz. 123, 392 P.2d 784. In Anderson, this Court said:

"* * * we believe that Gideon requires state courts to appoint counsel for indigents accused of a misdemeanor which falls in the category of a 'serious offense' and we so hold. The superior court must determine whether the misdemeanor charged is a 'serious offense' un-

der the particular circumstances. Some of the factors to be considered in making this determination are the nature of the offense, the extent of the potential penalty, and the complexity of the case. The fact that the maximum potential penalty in the instant case is a fine not exceeding one thousand dollars and imprisonment in the county jail for not to exceed two years is sufficient to warrant placing this crime in the 'serious' category. * * *"

Here we are concerned with the particular circumstances that upon two convictions of the misdemeanor of petty theft, defendant is subject to being punished with up to five years of imprisonment in the Arizona State Prison under our recidivist statute on the subsequent conviction which amounts to a felony.

We are also confronted with the possibility that upon a first conviction for petty theft, a misdemeanor, a defendant may later be subject to conviction of a felony upon a subsequent commission of another petty theft, a misdemeanor.

■ The prior conviction of petty theft used to enhance punishment in the instant case was a misdemeanor which did not come within the purview of the Anderson case, supra. However, as used in the instant case, it became a part of an information which charged a felony punishable up to five years in the penitentiary. When thus used it became a more serious charge than was the allegation in State v. Anderson, supra. The United States Supreme Court has held that a defendant is entitled to an attorney at a critical stage of proceedings. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

■ Accordingly, in view of the recent United States Supreme Court decisions, we hold that, notwithstanding any decisions which may appear to be to the contrary, when an allegation of prior conviction of petty theft is used to enhance punishment it effectively becomes a "serious offense" which requires that the record of that prior conviction show that defendant was represented by counsel, or advised of his rights to counsel and waived his right to counsel, before it can be used in the subsequent prosecution.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur