499 P.2d 712

**STATE of Arizona, Appellee,**

v.

**Joseph Carl RENAUD, Appellant.**

**No. 2028.**

Supreme Court of Arizona,
In Banc.

July 19, 1972.

■■■■■■■■■■■■■■■■■■■■

———◆———

Gary K. Nelson, Atty. Gen., Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

David M. Lurie, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant was charged with robbery (A.R.S. § 13–641) on January 10, 1969. On February 10, 1969 a change of plea hearing was held, at which time the defendant pled guilty to the charge. At that time he also admitted a prior forgery conviction, charged in the information, which he had previously denied. He was sentenced to imprisonment for not less than fifteen years nor more than twenty-five years.

The defendant appeals from the sentence, and the denial of a motion to vacate judgment. He presents two questions in support of his appeal: (1) Did the trial court commit error in considering an alleged prior conviction when the record of prior conviction did not indicate the defendant was either represented by counsel or advised of his right to counsel and waived such right, and (2) was the representation by the Public Defender so incompetent or lacking in diligence as to deny the defendant his constitutional right to legal counsel?

■ The petitioner's first contention, supported by the transcripts of both the sentencing and the motion to vacate hearings, is that his sentence was increased through application of the Arizona Recidivist Statutes (A.R.S. §§ 13–1649, 13–1650) without proof that the former conviction met constitutional standards. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967) requires that if a prior con-

viction is used to enhance punishment at a later trial, the record of that prior conviction must show that the procedural safeguards provided by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) have been afforded. This Court has repeatedly followed that decision, and we have stated in State v. Reagan, 103 Ariz. 287, 440 P.2d 907 (1968) that "* * [p]resuming waiver of counsel from a silent record is not permissible." 103 Ariz. at 288, 440 P.2d at 908. In this case, testimony from the motion to vacate judgment hearing shows that no certified copy of the Missouri conviction was ever obtained,[1] and no other documents in the record show that at the prior Missouri forgery trial the defendant was either represented by counsel, or had knowingly waived counsel. Nor was the defendant questioned concerning the former trial when he changed his plea and admitted the prior conviction.

■ The State points out that a guilty plea "* * * constitutes a waiver of non-jurisdictional defenses, defects, and irregularities * * *." State v. Martinez, 102 Ariz. 215, 216, 427 P.2d 533, 534 (1967). The State contends that by pleading guilty to the robbery, the defendant is precluded from raising defects in his prior conviction, even when that conviction is used to enhance punishment. The prosecution wishes to use an admission which is silent on the subject of representation by counsel to do what this Court has repeatedly said a trial record cannot do. This contention violates both the letter and spirit of Burgett and past decisions of this Court. (State v. Kennedy, 107 Ariz. 133, 483 P.2d 548 (1971); Smith v. Eyman, 104 Ariz. 296, 451 P.2d 877 (1969); State v. Reagan, supra.)

■ As to appellant's second contention, this Court, in State v. Brookshire, 107 Ariz.

---

1. "Q. [By Arthur Ross, Attorney for Petitioner] Did you ever get a conviction certificate?
   "A. [By Joseph Swan, Deputy County Attorney] No, because we already made the plea bargain. I didn't feel it was necessary to obtain it.

\*     \*     \*     \*     \*

"Q. [By Arthur Ross, Attorney for Petitioner] Did you ever ascertain whether the prior was any good?
   "A. [By William Bennett, Defense Attorney] No, I did not."

21, 480 P.2d 985 (1971), has stated that "[f]or a defendant to have been denied effective counsel, his counsel must have been so incompetent to amount to a farce or mockery of justice." 107 Ariz. at 24, 480 P.2d at 988. See also State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. denied, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967). The record in this case does not evidence such a representation by the Public Defender.

The matter is remanded to the Superior Court of Maricopa County for a determination of whether the defendant was afforded his right to counsel in the prior Missouri conviction. The Superior Court is directed to report to this Court its findings in this regard, and if it finds that defendant was represented by counsel, and no objection to such finding is made within fifteen days thereafter, the judgment and sentence will stand affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, J., concur.

HOLOHAN, J., concurs in the result.