576 P.2d 138

The STATE of Arizona, Appellee,

v.

Cedric WHITE, Appellant.

No. 2 CA–CR 1033.

Court of Appeals of Arizona,
Division 2.

Jan. 19, 1978.

Rehearings Denied March 1, 1978.

Reviews Denied March 14, 1978.

Bruce E. Babbitt, Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Daniel I. Ziskin, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of grand theft with a prior conviction and was sentenced to serve ten to twelve years in the Arizona State Prison. Four points are raised in this appeal.

■ 1. He claims the trial court erred by granting the state's motion to allege a prior conviction since it was filed 19 days before the date set for trial in violation of Rule 16.1(b), Arizona Rules of Criminal Procedure, 17 A.R.S. The case actually went to trial three months after the filing of the motion. We can dispose of this issue on the basis of *State v. Barnett*, 112 Ariz. 210, 540 P.2d 682 (1975). Our Supreme Court said that a defendant must show prejudice by the failure to meet the filing deadline. Appellant claims he was prejudiced since he was subjected to increased punishment. That is not the prejudice that is required. He must demonstrate that the failure to meet the deadline prevented him from preparing some defense to the allegation. He has not done so and there was no reversible error.

■ 2. Appellant maintains it was error for the trial court to refuse to instruct the jury regarding shoplifting. The shoplifting statute creates a separate and distinct offense from that denounced by the general theft statute. *State v. Allen*, 1 Ariz.App. 161, 400 P.2d 589 (1965); *Yearwood v. State*, 2 Tenn.Cr.App. 552, 455 S.W.2d 612 (1970); 52A C.J.S. Larceny, § 1(5). The test for determining whether a given offense is lesser and included in the one charged, is that the lesser included offense must be such that it is impossible to commit the greater without first having committed the lesser. Essential elements of larceny or grand theft are the taking and carrying away of the property of another. *State v. Wilmore*, 10 Ariz.App. 443, 459 P.2d 531 (1969). The essential elements of shoplifting under A.R.S. § 13–673 are: (1) wilful taking of possession of any goods, wares or merchandise offered for sale by any wholesale or retail store or other mercantile establishment; (2) without the knowledge or consent of the seller; (3) with the intention of converting such goods, wares or merchandise to his own use and (4) without having paid the purchase price.

■ It is plain that one can commit the crime of larceny without committing the crime of shoplifting. Shoplifting is not a lesser included offense. *Yearwood v. State, supra.*

■ 3. Appellant claims the court erred in its instruction on the asportation element of theft. He maintains that the jury should have been told it was necessary for him to remove the records from the store. He is incorrect in this position since asportation of a matter of inches can support a theft conviction as long as there exists an intent to deprive the owner of his property. The instruction as given was correct. *Smith v. United States*, 291 F.2d 220 (9th Cir. 1961).

4. Appellant's fourth point, whether his prior conviction was properly used to enhance his punishment under the recidivist statutes, forces us to remand the case for a determination of whether appellant was represented by counsel at his prior conviction proceeding. In the instant case, appellant admitted the prior conviction during cross-examination. He does not contend he was denied counsel at the earlier proceeding, only that the state has failed to meet its burden of establishing that the Sixth Amendment was complied with. He relies on *Burgett v. State of Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In *Burgett*, the state offered into evidence a certified copy of a previous conviction which showed that appellant had appeared "in proper person." There was no indication that counsel had been waived. The

court said that the record on its face raised a presumption that petitioner was denied his right to counsel and a waiver would not be presumed from a silent record.

In our case, the copies of the prior convictions do not point up, nor does appellant raise the argument, that he was not represented by counsel. In such a situation, where appellant has admitted the prior conviction and has not challenged it in any way below, we believe he should be barred from challenging it on appeal. However, preventing us from so holding is a line of cases out of our Supreme Court which, mistakenly we believe, rely on *Burgett*. *State v. Renaud*, 108 Ariz. 417, 499 P.2d 712 (1972); *State v. Kennedy*, 107 Ariz. 133, 483 P.2d 548 (1971); *State v. Reagan*, 103 Ariz. 287, 440 P.2d 907 (1968).

■ In *Reagan*, the defendant also admitted his prior conviction and since the record was devoid of a showing of whether he had been afforded counsel, the case was remanded for a determination of whether he had been afforded such right. We are constrained to do the same here.

The matter is remanded to the superior court for a determination of whether appellant was afforded his right to counsel in the prior conviction. The superior court is directed to report to this court its findings in that regard, and if it finds that appellant was represented by counsel, and no objection is made to such finding within 15 days thereafter, the judgment will stand affirmed.

RICHMOND, C. J., and HOWARD, J., concur.