BROOKS, Judge,
dissenting.
My review of the record in this case fails to reveal any circumstance involving prosecutorial misconduct. The witness Joaquin Lares became unavailable by invoking his fifth amendment privilege on the advice of counsel, and the record will not support a finding that the state in any way influenced this decision. In fact, in its motion to suppress Lares’ testimony, defense counsel suggested that it was not government action which caused Lares to claim the privilege against self-incrimination, but Lares’ fear that he would not be safe from his fellow prison inmates if he were to testify.[1]
Contrary to the majority opinion, the state did not “deprive” defendant of the opportunity to present witnesses in his defense. In this regard, the courts find no violation of the defendant’s right to due process when the unavailability of the witness has not resulted from the suggestion, procurement or negligence of the government. State v. Stewart, 131 Ariz. 407, 641 P.2d 895 (App.1982); see also, United States v. Taylor, 535 F.Supp. 147 (E.D. Mich.1982).
Although not raised as an issue on appeal, the majority suggests that the prosecutor should have offered Lares transactional immunity pursuant to A.R.S. § 13-4064. I disagree.
Absent prosecutorial misconduct, there is nothing in the Fourteenth Amendment which gives an accused the right to have immunity granted to a witness. State v. Axley, 132 Ariz. 383, 646 P.2d 268 (1982); State v. Buchanan, 110 Ariz. 285, 518 P.2d *209 108 (1974). It is a matter of prosecutorial discretion to decide when the public interest would best be served by a grant of immunity. Here it should be noted that Lares had not been convicted of any of the burglaries or thefts involved in the “sting” operation and the state would thus have a strong interest in withholding immunity. Finally, there is no indication at the time Lares would have testified that his testimony would have been exculpatory and essential to defendant’s case.
By reason of the majority’s disposition of this case, the remaining issues raised on appeal have not been addressed. I would find that none of these issues require reversal. For the following reasons, however, I would remand the matter to the trial court for resentencing.
In reviewing the record for fundamental error pursuant to A.R.S. § 13-4035(B), two deficiencies are noted. To begin, when the trial court accepted defendant’s pleas to the prior convictions, there was no factual basis .presented showing that defendant was either represented by counsel or waived counsel at the prior convictions. The extended record sheds no light on this issue. Thus, the matter must be remanded for a hearing to determine whether defendant was represented by counsel in the prior convictions or waived counsel. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); State v. Renaud, 108 Ariz. 417, 499 P.2d 712 (1972).
Additionally, the allegation of prior convictions which was filed on July 27, 1981, related only to the May 13, 1981 indictment in CR-119598. The indictment relating to the stolen guns (CR-122553) was not filed until October 14, 1981, well after the July 27, 1981 allegation. The fact that these indictments were later consolidated for trial did not have the effect of amending the indictment in CR-122553. C.f., State v. Rodgers, 134 Ariz. 296, 655 P.2d 1348 (App. 1982). The enhanced punishment provisions of A.R.S. § 13-604 may only be applied where the prior convictions are both charged in the indictment and admitted or found to be true by the fact finder. A.R.S. § 13-604(K). Thus, defendant must be re-sentenced in CR-122553 under A.R.S. §§ 13-701 and 13-702, without enhancement under A.R.S. § 13-604.

. At the time of trial, Lares was serving a term in the Arizona State Prison on an unrelated burglary charge.