753 P.2d 1182

The STATE of Arizona, Appellee,

v.

Daniel Joseph DAWES aka, Daniel Joseph Gates, Appellant.

No. 2 CA–CR 87–0175.

Court of Appeals of Arizona,
Division Two, Department B.

Dec. 30, 1987.

Redesignated as Opinion and Publication Ordered Jan. 26, 1988.

Review Denied May 24, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

## OPINION

PER CURIAM.

Appellant was found guilty by a jury of third-degree burglary, a class 4 felony. He admitted four prior convictions and the court accepted his admissions as to three of them. The court sentenced appellant to a mitigated prison term of eight years with 121 days' credit for presentence incarceration and ordered that he make himself available while incarcerated for drug and/or alcohol counseling and rehabilitation programs.

The state had alleged four prior convictions, two in Arizona, one in Kansas, and one in Nevada. As to the Arizona priors, the court refused to accept appellant's admission of a 1972 Arizona conviction for escape because the record did not reflect and appellant testified that he was not afforded the opportunity to be represented by counsel on that charge. Appellant admitted his 1985 Arizona theft conviction and told the court that he had been represented by counsel on that charge.

■ In the sole issue raised on appeal, appellant argues that there was no factual basis for the Kansas and Nevada convictions. In Kansas, appellant was convicted in 1978 of theft of property having a value over $50. While the offense was a felony in Kansas, the state concedes that under both the current Arizona law, A.R.S. § 13–1802, and under Arizona law at the time appellant committed the Kansas offense, theft of property valued at $50 was not a felony. Thus, the state has agreed that the court should not have accepted appellant's admission of the Kansas prior conviction for enhancement purposes under A.R.S. § 13–604(C).

With regard to the Nevada prior conviction, the state filed documents showing that appellant was convicted of attempted robbery in 1978. After questioning by the court, appellant stated that he was not represented by counsel in the Nevada case. The following exchange took place:

Q  And on the attempted robbery in the state of Nevada, you represented yourself in that?

A  Yes.

Q  Was that a trial?

A  No, it wasn't, it was a plea bargain.

Q  And you represented yourself?

A  Yes.

Q Was that at all stages of the proceeding? Did you ever have a lawyer at any—

A I did in the beginning, but I fired my lawyer at one of our court dates.

Q You became dissatisfied with your attorney?

A Right.

* * * * * *

Q (By The Court) All right, and on that one case in Nevada, you made a knowing choice not to have a lawyer and to proceed by yourself, that's the one where you fired your lawyer and decided to go ahead and represent yourself?

A Yes.

The state filed certified copies of the judgment of conviction and the criminal information from the Nevada case. Those documents do not in any way indicate that appellant was represented by counsel or that he waived counsel. Thus, the factual basis for his admission of the Nevada conviction rests on his testimony that he was dissatisfied with his lawyer's services in that case and chose to proceed without counsel.

In *State v. Renaud*, 108 Ariz. 417, 499 P.2d 712 (1972), our supreme court stated the rule that if a prior conviction is used to enhance punishment, the record of the prior conviction must show that the procedural safeguards provided by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), were afforded. In *Renaud*, the defendant had admitted a prior conviction, but no certified copy of the judgment of conviction had ever been obtained and nothing in the record showed that the defendant was either represented by counsel or had knowingly waived counsel. Additionally, the defendant was not questioned concerning the prior proceedings when he admitted the prior conviction.

In *State v. White*, 118 Ariz. 279, 576 P.2d 138 (App.1978), this court followed *Renaud*, and remanded for a determination of whether the defendant had been afforded his right to counsel in a prior proceeding where the case record did not reflect whether he had been represented by counsel at the time of his prior conviction.

In *State v. Moran*, 151 Ariz. 373, 728 P.2d 243 (App.1985), *affirmed in part, vacated in part on other grounds*, 151 Ariz. 378, 728 P.2d 248 (1986), the defendant argued that his prior convictions could not be used to enhance punishment because they were not shown to have been obtained while he was represented by counsel. We stated: "Given the presumption of regularity of judicial proceedings ... and the fact that at the time of defendant's prior convictions counsel was constitutionally required, we hold that defendant must offer some evidence that prior convictions were obtained without counsel before the court must disregard proved prior convictions." 151 Ariz. at 377, 728 P.2d at 247. Finally, in *State v. McGowan*, 155 Ariz. 392, 746 P.2d 1322 (App.1987), Division One of this court, presented with a record which did not disclose whether the defendant was represented by counsel or had waived counsel when his prior conviction was obtained, remanded the case to the superior court for a determination of whether the right to counsel had been afforded and stated that if the defendant "had counsel or waived counsel, the judgment of conviction and sentence must stand." *State v. McGowan, supra*, at 394, 746 P.2d at 1324.

■ In the instant case, we are not required to remand to the trial court as in *Renaud*, *White* and *McGowan*, nor are we required to rule based on a presumption of regularity as in *Moran*. Rather, we believe that appellant's testimony upon questioning by the court, as we have quoted above, satisfies the requirements of *State v. Renaud*, and of *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), where the Supreme Court held that a prior conviction used to enhance punishment must, in the record presented, show that the right to counsel had been afforded to the defendant. Appellant testified that he was afforded the right to counsel and that he chose to proceed without an attorney. The Nevada documentation shows that appellant was originally charged with both attempted robbery and burglary, but that he pled guilty to the attempted robbery charge. Appellant contends that,

while he testified that he knowingly waived counsel, there is no proof that he did so intelligently and voluntarily. We agree with the state that the rule which appellant seeks to establish would render proof of waiver of counsel on a prior conviction impossible. We believe that appellant's testimony was sufficient in this case.

A.R.S. § 13–604(C) requires enhanced punishment where a convicted defendant has two or more prior convictions. Thus, although the court erroneously accepted appellant's Kansas prior conviction, his sentence does not change and was properly enhanced based on his admissions of the Nevada prior and the 1985 Arizona conviction.

Having reviewed the entire record for fundamental error, and finding none, we affirm the judgment of conviction and the sentence.