746 P.2d 1322

**STATE of Arizona, Appellee,**

v.

**Kenneth Earl McGOWAN, Appellant.**

**1 CA–CR 10619.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 15, 1987.

Review Granted Jan. 5, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Tim Holtzen, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

OPINION

KLEINSCHMIDT, Judge.

The appellant pled guilty to burglary with a prior felony conviction. The prior conviction was also for burglary and was suffered in Maricopa County in 1976. The record does not disclose whether the appel-

lant was represented by counsel or waived counsel when he was convicted in 1976. For this reason, he contends that there is no factual basis for his later plea and that the case must be "remanded ... for a new trial." We assume that he means that the case must be remanded for a determination as to whether he was represented by counsel at the time of his first conviction.

The appellant relies on *State v. White*, 118 Ariz. 279, 576 P.2d 138 (App.1978), a case in which the record did not reflect one way or another whether the defendant had been represented by counsel at the time of his prior conviction. Division Two of this court reluctantly concluded that several cases decided by the Arizona Supreme Court compelled a remand for a determination of whether appellant was afforded his right to counsel. *Id.*, at 280–81, 576 P.2d at 139–40, citing *State v. Renaud*, 108 Ariz. 417, 499 P.2d 712 (1972); *State v. Kennedy*, 107 Ariz. 133, 483 P.2d 548 (1971); *State v. Reagan*, 103 Ariz. 287, 440 P.2d 907 (1968).

Division Two appears to have abandoned *White* in *State v. Moran*, 151 Ariz. 373, 728 P.2d 243 (App.1985), *aff'd in part, vacated in part on other grounds*, 151 Ariz. 378, 728 P.2d 248 (1986). In *Moran*, the court held that even though the prior record does not disclose whether a defendant had counsel or waived counsel at the time of his previous conviction, it was unnecessary to remand the case for a determination of this issue when the defendant admitted the prior conviction and offered no proof that he was without counsel. The court observed that at the time of the defendant's prior conviction counsel was constitutionally required. Based upon the presumption that judicial proceedings are regular it reasoned that the defendant presumably had counsel. The court made no reference to *White* or the supreme court cases it relied on.

The appellant argues that the state's reliance on *Moran* is misplaced because the case does not deal with A.R.S. § 13–604, the statute mandating a sentence of imprisonment for repetitive offenders, but merely construes A.R.S. § 13–702, the provision which permits the court to consider a prior conviction as an aggravating factor when imposing sentence. The appellant goes on to argue that "[i]f *Moran* was controlling in the instant case, there would be no need under A.R.S. § 13–604 to have a jury determination on prior convictions after a defendant has been convicted at trial. As in *Moran*, an affidavit submitted at sentencing would be sufficient to prove the prior conviction for purposes of A.R.S. § 13–604. This is clearly not the law. See *State v. Brydges*, 134 Ariz. 59, 653 P.2d 707 (App. 1982)."

Even if the presumption indulged in *Moran* will transfer to cases involving an enhancement statute like A.R.S. § 13–604, the appellant's argument is not persuasive because *Moran* could never be construed to relieve the state of its burden of proof where the defendant contests the issue at trial. For that reason we do not find the appellant's specific argument persuasive. But that does not end the inquiry.

The rationale of *Moran* has much to recommend it. For twenty-four years now every defendant accused of a serious crime has had the right to counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The probability is very great that McGowan, the defendant in this case, either had counsel or waived counsel when he was convicted in 1976. Indeed, McGowan does not affirmatively allege that he was unrepresented at the time of his prior conviction. But we do not believe that we can follow *Moran* because it appears, *sub silencio*, to overrule the supreme court's opinion in *State v. Renaud*.

In *Renaud*, the defendant pled guilty and admitted a prior conviction. The record was silent as to whether the defendant had been represented by counsel or waived counsel, and the report of the case does not refer to the date the prior conviction was entered. It is, therefore, impossible to tell whether the prior conviction was entered before *Gideon v. Wainwright* decreed that everyone in the defendant's situation had a right to counsel. The supreme court, without discussing any bearing that *Gideon v. Wainwright* might have on the presumption that the defendant either had counsel or waived counsel, unequivocally held that a waiver of counsel cannot be presumed from a silent record. We believe

that if *Renaud* is to be abandoned, the supreme court is the court to do so.

 One further observation is in order. Until the rule of *Moran* prevails, assuming that it does, it should be the required practice for the trial judge to establish, when taking a factual basis for a plea, that a defendant either had counsel when he was previously convicted or waived his right to counsel.

For the foregoing reasons, this matter is remanded to the superior court for a determination whether the appellant was afforded his right to counsel on the prior conviction. If the appellant had counsel or waived counsel, the judgment of conviction and sentence must stand. If not, the superior court must resentence the appellant. If the state asserts that it would not have entered into the plea agreement in the absence of the allegation of the prior conviction, the trial court shall, on motion of the state, vacate the conviction and sentence and reinstate the charges against the defendant.

EUBANK and JACOBSON, JJ., concur.