773 P.2d 971
STATE of Arizona, Appellee,

v.

Donny L. ANDERSON, Appellant.

STATE of Arizona, Appellee,

v.

Kenneth Earl McGOWAN, Appellant.

Nos. CR-87-0169-PR, CR-87-0301-PR.

Supreme Court of Arizona,
En Banc.

Jan. 19, 1989.

Robert K. Corbin, Atty. Gen., by Jessica Gifford Funkhouser, Crane McClennen and

Timothy C. Holtzen, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel and Stephen R. Collins, Deputies Maricopa County Public Defender, Phoenix, for appellant.

WILLIAM A. HOLOHAN, Justice (Retired).

We granted review in these two cases to determine whether a prior conviction, which was not challenged in the trial court, should be afforded a presumption of regularity for purposes of sentence enhancement.

Each of the defendants entered into a plea agreement to plead guilty to specific felony offenses with a prior felony conviction. In the case of defendant Anderson the prior conviction occurred on February 8, 1980, in the Superior Court of Los Angeles County, California, in cause No. A-356440 for possession of checks with intent to defraud, a felony. In McGowan's case the prior conviction occurred on October 4, 1976, in the Superior Court of Maricopa County, Arizona, in cause No. CR-146345 for burglary, a felony. The validity of the prior convictions was not challenged in the trial court by the defendants or their counsel. On appeal, however, both defendants raise the issue of the sufficiency of the evidence to establish that the defendants were represented by counsel at their prior convictions or had knowingly waived counsel. Neither the defendants nor their counsel, however, allege that the defendants were not in fact represented by counsel in the prior conviction.

The Court of Appeals in each of the appeals (*State v. Anderson*, 1 CA-CR 10573 and 1 CA-CR 10574 consolidated, filed May 14, 1987, and *State v. McGowan*, 155 Ariz. 392, 746 P.2d 1322 (App.1987)) remanded the cases to the trial court for a determination whether in the prior convictions the defendants were represented by counsel or intelligently waived the right to counsel. In each case the Court of Appeals felt compelled to follow our decision in *State v. Renaud*, 108 Ariz. 417, 499 P.2d

712 (1972), but the Court of Appeals noted in *McGowan:*

> For twenty-four years now every defendant accused of a serious crime has had the right to counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The probability is very great that McGowan, the defendant in this case, either had counsel or waived counsel when he was convicted in 1976. Indeed, McGowan does not affirmatively allege that he was unrepresented at the time of his prior conviction.

155 Ariz. at 393, 746 P.2d at 1323.

The state urges us to reconsider our previous decisions denying the presumption of regularity for prior convictions used for sentence enhancement. We believe that a review of our prior decisions is appropriate because it appears that our former decisions have been extended beyond the limits necessary for the protection of an accused's constitutional rights.

In reviewing our past decisions, we start with the principle announced in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967), that a conviction obtained in violation of a defendant's right to counsel may not be used to enhance the defendant's sentence. A plea of guilty and admission of a prior conviction does not preclude a defendant from raising defects in his prior conviction on appeal. *State v. Renaud, supra.*

Our decision in *Renaud* has been construed by subsequent decisions of the Court of Appeals to mean that despite an admission of the prior conviction in the trial court and without any challenge to the validity of the prior conviction, a defendant is not precluded from challenging the prior conviction on appeal. *State v. White,* 118 Ariz. 279, 576 P.2d 138 (App.1978). This construction of *Renaud* was reinforced by our decision in *State v. Johnson,* 142 Ariz. 223, 689 P.2d 166 (1984), which rejected the view of the Court of Appeals that nonconstitutional defects were waived by the defendant's admission of the prior conviction. This court held that:

> Pursuant to Rule 17.6, a criminal defendant who pleads guilty and admits the

existence of a prior conviction can, on appeal, attack the sufficiency of the evidence used to prove its factual basis.

142 Ariz. at 224, 689 P.2d at 167. Last year we had occasion to explain the holding in *Johnson.* We stated:

> Turning to the Arizona cases, we first note that lack of a factual basis for a plea may, of course, be attacked on direct appeal. *See State v. Carr,* 112 Ariz. 453, 543 P.2d 441 (1975). At first blush, *State v. Johnson,* 142 Ariz. 223, 689 P.2d 166 (1984), could be read as providing some support for defendant's argument here. However, *Johnson* did not involve a collateral attack upon the validity of prior convictions. The defendant in *Johnson* challenged the trial court's implied finding that his two prior convictions were based on offenses committed on separate occasions. That finding denied the defendant the protection of A.R. S. § 13–604, which provides that convictions for two or more offenses committed on the same occasion may only be counted as one conviction for sentence enhancement purposes. *Johnson* is concerned with the factual basis for the finding of the fact of the prior convictions under Rule 17.6, Arizona Rules of Criminal Procedure. It has nothing to do with the validity of the prior convictions themselves or whether there was a factual basis to support them.

*State ex rel. Collins v. Superior Court,* 157 Ariz. 71, 74–75, 754 P.2d 1346, 1349–50 (1988).

In 1985, Division II of the Court of Appeals decided *State v. Moran,* 151 Ariz. 373, 728 P.2d 243 (App.1985). One of the issues in *Moran* was whether the trial court could impose an aggravated sentence on the defendant because of the existence of a prior conviction that did not show that the defendant was represented by counsel at the time of the prior conviction. The Court of Appeals held that regularity of judicial proceedings is presumed, and the defendant must offer some evidence that the prior conviction was obtained without counsel before the court must disregard the proved prior conviction. *Moran,* 151

Ariz. at 377, 728 P.2d at 247. This court accepted review of *Moran* on an issue unrelated to the prior conviction issue, and our opinion vacated the opinion of the Court of Appeals on the issue taken for review. *State v. Moran,* 151 Ariz. 378, 728 P.2d 248 (1986). The Court of Appeals' opinion on the prior conviction issue was left standing by this court. The state urges us to adopt the position espoused by Division II in *Moran* and overrule *Renaud.*

The cases in this state that have relied on *Renaud* and *Burgett* have generally failed to note that the issue of the validity of a prior conviction had been challenged initially in the trial court. In *Burgett,* the defendant objected to the admission of the record of prior conviction, which showed on its face that the defendant had not been represented by counsel. In *Renaud,* the defendant, after his sentence, filed a motion to vacate the judgment because there was no showing in the record that the defendant's conviction was obtained under constitutional standards. Thus, in each of the above cases the defendant challenged in the trial court the sufficiency of the evidence to support the use of a prior conviction for sentence enhancement. The defendants in the cases at issue did not question the use of the prior convictions used to enhance their sentences. On appeal, neither defendant has claimed that his conviction was obtained in violation of his right to counsel. Their claim of error is that the record does not show that the convictions were obtained in conformity with their constitutional rights. In the same year we decided *Renaud* we also decided *State v. Miller,* 108 Ariz. 303, 497 P.2d 516 (1972), which also dealt with the issue of using prior convictions to enhance punishment. In *Miller* we stated:

> Although defendant may at times benefit from a silent record, we do not believe it unreasonable, illogical or even contrary to recent United States Supreme Court cases on this subject *to require some allegation of infirmity by the defendant* when he is attempting to go behind the face of a judgment of a sister state and is requesting us to ignore the judg-

ment despite the "full faith and credit" clause of the United States Constitution. 108 Ariz. at 309, 497 P.2d at 522 (emphasis supplied).

We do not ignore the requirements of Rule 17.6, Rules of Criminal Procedure, which require the establishment of a factual basis before an admission to a prior conviction is accepted. Although the language heretofore quoted from *Johnson* seems to relieve a defendant from raising the issue of the factual basis in the trial court, a careful reading of *Johnson* shows that the issue concerning the character of the prior convictions was raised in the trial court before it was raised on appeal.

Generally, a party may not raise an issue for the first time on appeal. *State v. Acree,* 121 Ariz. 94, 588 P.2d 836 (1978). We also recognize that a judgment regular on its face is entitled to a presumption of regularity. *Bill v. Gossett,* 132 Ariz. 518, 647 P.2d 649 (App.1982). These principles, however, do not preclude a collateral attack being made on a prior conviction obtained in violation of a defendant's right to counsel. *Burgett, supra; United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). We agree with the suggestion implicit in the Court of Appeals' decision in *Moran* that the defendant has the obligation to raise that issue in the trial court.

On a different but related subject, we condemned the practice of raising an issue concerning a plea agreement for the first time in an appeal brief. *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987). What we said in *Crowder* about the proper procedure to be followed applies to these cases. The defendants should have submitted the matter to the trial judge by petition for post-conviction relief. *See* Rule 32.1, Rules of Criminal Procedure, 17 A.R.S. The appeals could have been stayed while a petition under Rule 32 was pending. *See* Rule 31.4(a)(1), Rules of Criminal Procedure, 17 A.R.S.

If the Rule 32 procedure had been followed, any question concerning the defendants' prior convictions could have been resolved months before the decision by the appellate courts. The defendant McGow-

an's prior conviction occurred in Maricopa County, the same county in which his present conviction occurred. Any question about that prior conviction could easily have been resolved in a matter of hours instead of the months consumed in the appellate process.

The appellate process is taxed enough with the volume of cases that pose serious questions for resolution. It is an abuse of the process to clog an already crowded docket with appeals that could easily be resolved under the Rule 32 process.

The trial judge has the obligation to determine that pleas and admissions of prior convictions are taken in conformity with constitutional standards and the Rules of Criminal Procedure, but counsel for the state and defendant also have the obligation to assist the trial court in achieving that objective.

We believe that our decision in *Renaud* has been misconstrued. We reaffirm that decision in its holding that a prior conviction may be challenged on appeal when it was challenged in the trial court for failure to show that the defendant's right to counsel was observed. But we hold that a prior conviction, which was not challenged in the trial court on the basis that it was an uncounseled conviction, is entitled to a presumption of regularity for purposes of sentence enhancement. If the defendant wishes to challenge a prior conviction used to enhance a sentence, and the issue was not raised in the trial court, the proper procedure to be followed is to submit the matter to the trial court by petition for post-conviction relief under Rule 32.

We have reviewed the cases for fundamental error and find none. The opinion in *State v. McGowan* and the memorandum decision in *State v. Anderson* are vacated, and the convictions are affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.