■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE POLANCO, Appellant. [596 NYS2d 366] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered June 4, 1991, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree, and sentencing him as a second felony offender to 6 years to life, unanimously affirmed.

Defendant's contention that the sentencing court deprived him of an adequate opportunity to secure the minutes related to his predicate felony conviction is without merit. The court granted an extended period of time to counsel, who had assured the court that the minutes could be secured. At the plea proceeding, defendant made all *Boykin* waivers, acknowledged that he was pleading voluntarily and knowingly, and that no promises had been made. Defendant also acknowledged the range of sentences which could be imposed, depending on whether or not he controverted the predicate felony statement. Counsel's conclusory claim, at the adjourned sentencing proceeding, that the relevant minutes had been misplaced by the court reporter, was an insufficient basis to permit the defendant to withdraw his plea, or to be sentenced as a first felony offender. Nor were defendant's bare conclusory allegations of a constitutional infirmity in the predicate felony conviction sufficient to carry his burden of demonstrating that the prior conviction was unconstitutionally obtained (see, People v Spencer, 32 NY2d 446, 450; People v Thompson, 140 AD2d 652). It has been noted that "it defies logic to presume from the mere unavailability of a transcript * * *

that the defendant was not advised of his rights" *(Parke v Raley,* 506 US —, —, 113 S Ct 517, 524). Nor was it improvident for the court to impose sentence on the adjourned date, particularly in view of prior accommodations which had been made to defendant *(see, People v Fox,* 117 AD2d 818). Concur—Murphy, P. J., Ellerin, Wallach and Asch, JJ.