■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FIGUEROA, Appellant. [616 NYS2d 942] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered December 4, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The exclusion in Penal Law § 265.02 (4) for possession of a weapon in one's place of business was not available to defendant since under no view of the evidence could the place where defendant was employed be found to encompass the sidewalk outside where defendant was arrested in possession of a gun *(cf., People v Powell,* 54 NY2d 524, 531). Nor did the trial court err in refusing to charge criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the third degree *(People v Ali,* 36 NY2d 880, 882). Concerning defendant's adjudication

as a second felony offender, defendant's claim that he was innocent of the prior crime does not raise a reviewable constitutional challenge to the prior conviction *(People v Castaneda,* 196 AD2d 760, *lv denied* 82 NY2d 848; *see, People v Moore,* 71 NY2d 1002, 1005), and his bare conclusory assertion that he was coerced into pleading guilty by his co-defendants was insufficient to warrant a hearing in the face of plea minutes demonstrating that the plea was voluntarily given *(see, People v Polanco,* 192 AD2d 393; *People v Lopez,* 192 AD2d 451, *lv denied* 82 NY2d 722). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.