A99A1291. HARRIS v. THE STATE.
(519 SE2d 243)

BLACKBURN, Presiding Judge.

After entering a plea of guilty to the charge of shoplifting, Emory Harris appeals from the sentence imposed on him. Harris contends that the trial court erroneously considered prior guilty pleas to other felonies in sentencing him as a recidivist offender pursuant to OCGA § 17-10-7 (c). For the reasons set forth below, we affirm the sentence of the trial court.

During sentencing, the State offered certified copies of five prior felony convictions. Harris objected to the evidence of four of the five convictions, which represented prior guilty pleas, contending that the State produced no evidence that the pleas were voluntary. However, Harris presented no evidence to support his contention, and he simply argued that the State had the burden to show that the prior guilty pleas were voluntary.

Harris relies on *Pope v. State*, 256 Ga. 195 (345 SE2d 831) (1986), in which our Supreme Court held:

> A plea of guilty that is invalid under *Boykin* [*v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)] may not be used to enhance punishment in a subsequent trial. . . . [O]nce the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the [S]tate to establish a valid waiver. *Boykin* states that " '(p)resuming waiver from a silent record is impermissible.' " Id. at 242.

Id. at 209-210 (17).

Subsequent to the decision in *Pope*, the United States Supreme Court further delineated its holding in *Boykin* by explaining that "*Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." *Parke v. Raley*, 506 U. S. 20, 30 (113 SC 517, 121 LE2d 391) (1992). The U. S. Supreme Court stated that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under *Boykin*." Id. at 34.

> In *Nash v. State*, 233 Ga. App. 75 (503 SE2d 23) (1998), cert. granted, this Court considered the effect of *Parke* on the Supreme Court of Georgia's decision in *Pope*. Because *Pope* was based on an interpretation of the U. S. Constitution, and the U. S. Supreme Court had subsequently interpreted the Constitution in a different manner, a unanimous Court of Appeals held that *Parke* was controlling, and that, when considering the admissibility of a prior guilty plea for purposes of recidivist sentencing, a trial court is "authorized to . . . apply the presumption of regularity which is deeply rooted in our American jurisprudence and in Georgia is codified in OCGA § 24-4-24 (b) (1)." (Punctuation and footnote omitted.) *Nash*, supra at 79. [Footnote: Although the Supreme Court's decision in *Mize v. State*, 269 Ga. 646, 657 (15) (501 SE2d 219) (1998), implicitly calls into question our

decision in *Nash*, the Supreme Court did not overrule *Nash* in that case, nor did it consider the U. S. Supreme Court's decision in *Parke*. Accordingly, and in light of the fact that the Supreme Court has granted certiorari in *Nash*, we adhere to our unanimous decision in *Nash*. See OCGA § 15-3-1 (unanimous whole-court decision may not be "overruled or materially modified except with the concurrence of all the Judges").]

*Wells v. State*, 237 Ga. App. 109, 115 (514 SE2d 245) (1999).

Based on *Nash*, supra, the trial court appropriately applied a presumption of regularity to Harris' prior felony convictions. Therefore, as Harris failed to present any evidence to rebut the presumption that his prior felony pleas were voluntary, the trial court did not err in admitting such prior pleas for sentencing purposes. *Nash*, supra. See also *Brown v. State*, 237 Ga. App. 322 (514 SE2d 236) (1999); *Rutledge v. State*, 237 Ga. App. 390 (515 SE2d 1) (1999).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 7, 1999.

*John W. Donnelly*, for appellant.

*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.