21 P.3d 845

**STATE of Arizona, Appellee,**

v.

**Mark James McCANN, Appellant.**

**No. CR–99–0227–PR.**

Supreme Court of Arizona,
En Banc.

April 17, 2001.

Court of Appeals' decision vacated, Superior Court judgment affirmed.

Janet Napolitano, Arizona Attorney General, by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Randall M. Howe, Assistant Attorney General, Phoenix, Attorneys for the State of Arizona.

Pima County Public Defenders' Office by Susan A. Kettlewell, Pima County Public Defender and Susan C.L. Kelly, Assistant Public Defender, Tucson, Attorneys for McCann.

## AMENDED OPINION

McGREGOR, Justice.

¶ 1 In *State v. Reagan*, 103 Ariz. 287, 440 P.2d 907 (1968), we held that a court can use a prior conviction to enhance a sentence only if "the record of that prior conviction show[s] that [the] defendant was represented by counsel, or advised of his rights to counsel, and waived his right to counsel, before it can be used in [a] subsequent prosecution." *Id.* at 289, 440 P.2d at 909. The State asks us to reconsider that holding, asserting that the United States Supreme Court overturned the basis for our *Reagan* decision in *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). We agree and, for the reasons explained below, hold that a rebuttable presumption of regularity attaches to prior convictions used to enhance a sentence or as an element of a crime.

### I.

¶ 2 In 1997, the State charged defendant McCann with aggravated DUI, which is established if a person commits a DUI offense within sixty months of two prior DUI convictions. *See* Ariz.Rev.Stat.Ann. (A.R.S.) § 28–1383.A.2 (West Supp.1999) (formerly A.R.S. § 28–697 A 2). During trial, the court admitted into evidence certified copies of McCann's two prior DUI convictions. The records pertaining to his 1995 DUI conviction in the Tucson City Court do not disclose whether McCann was represented by counsel or had validly waived his right to counsel.

¶ 3 McCann objected, claiming the State had not "authenticated" the 1995 DUI conviction. He also unsuccessfully moved for a Rule 20 judgment of acquittal based on the fact that the court records from his 1995 DUI conviction failed to show conclusively that he was represented by or had waived counsel. Therefore, he argued, the State could not use the prior conviction to satisfy an element of the offense of aggravated DUI.[1]

¶ 4 The court of appeals modified McCann's conviction and remanded for re-sentencing. Although the court of appeals held for McCann, it noted that "[t]he state's argument is not without merit," but regarded our decision in *Reagan* as controlling. *State v. McCann*, 2 CA–CR 98–0019, slip op. at 4 (Ariz.App. May 18, 1999).

¶ 5 The State then petitioned this Court and we granted review. Because this issue involves the interpretation of both the Arizona and Federal Constitutions, we review the trial court's decision de novo. *See Massey v. Bayless*, 187 Ariz. 72, 73, 927 P.2d 338, 339 (1996). We exercise jurisdiction pursuant to article VI, section 5.3 of the Arizona Constitution and Rule 31.19 of the Arizona Rules of Criminal Procedure.

### II.

#### A.

¶ 6 In *Reagan*, we essentially adopted an exception to the presumption of regularity that attaches to final judgments and presumes that judgments were constitutionally obtained. The presumption is "deeply rooted in our jurisprudence ... even when the question is waiver of constitutional rights." *Parke*, 506 U.S. at 29, 113 S.Ct. at 523 (citing

---

1. McCann has never argued that he was in fact unrepresented or that any waiver of counsel was involuntary. Rather, he bases his argument on the fact that the record of the 1995 DUI conviction does not establish representation or valid waiver.

*Johnson v. Zerbst,* 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 1023, 1025, 82 L.Ed. 1461 (1938)).

¶ 7 Our *Reagan* decision relied upon *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), which held that certified records of a prior conviction that did not show the defendant was represented by or waived counsel raised a presumption that the defendant was denied his right to counsel. *Id.* at 114–15, 88 S.Ct. at 261–62. In accord with *Burgett,* we held that a prior conviction could not be used to enhance a defendant's sentence unless the record of the prior conviction affirmatively showed that the defendant either was represented by counsel or had validly waived his right to counsel. We concluded, as had the Supreme Court in *Burgett,* that we could not presume waiver of counsel from a silent record. *See also Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (holding that a valid conviction resulting from a guilty plea cannot be presumed from a silent record). Since 1968, Arizona courts have applied the *Reagan* rule, although not without some question as to its continued validity.[2]

¶ 8 In 1992, the United States Supreme Court reconsidered *Burgett* in *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), and rejected the holding of *Burgett* on which our decision in *Reagan* relied. In *Parke,* the defendant challenged a Kentucky statute that enhanced sentences for repeat felons. The defendant moved to suppress two prior convictions, arguing that because the record failed to indicate whether the prior guilty pleas were knowing and voluntary, they did not comply with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Under the Kentucky statute, the government retained the ultimate burden of persuasion as to prior convictions, but a presumption of regularity attached to prior final judgments. When the government proved the existence of a prior conviction, the burden shifted to the defendant to produce evidence of its invalidity. If

the defendant carried his burden, the state had to prove beyond a reasonable doubt the validity of the prior convictions.

¶ 9 In upholding the statute, the Court held that "*Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." *Parke,* 506 U.S. at 30, 113 S.Ct. at 524. The Court explained its rationale for departing from *Burgett* by noting that, at the time it decided *Burgett,* "state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess." *Id.* at 31, 113 S.Ct. at 524. Because *Boykin* rights were well established by the time the Court decided *Parke,* however, the state could rely upon the presumption of regularity that attaches to final judgments of conviction.

¶ 10 The defendant in *Parke* also challenged the Kentucky statute on the ground that it assigned to criminal defendants a burden of production. Addressing this point, the Court said, "[E]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." *Id.*

### III.

### A.

¶ 11 After the Court's *Parke* decision, many of our sister jurisdictions adopted the presumption of regularity for prior convictions used to enhance sentences or as elements of a crime. For instance, in *Massachusetts v. Lopez,* 426 Mass. 657, 690 N.E.2d 809, 814 (1998), the Massachusetts Supreme Judicial Court said:

> Many other States have specifically relied on the *Parke* decision to reject collateral

---

**2.** See, e.g., *State v. Renaud,* 108 Ariz. 417, 418, 499 P.2d 712, 713 (1972); *State v. Anderson,* 185 Ariz. 454, 456, 916 P.2d 1170, 1172 (App.1996); *State v. Hatch,* 156 Ariz. 597, 598, 754 P.2d 324, 325 (App.1988); *State v. McGowan,* 155 Ariz. 392, 393–94, 746 P.2d 1322, 1323–24 (App.1987)

*opinion vacated by State v. Anderson,* 160 Ariz. 412, 773 P.2d 971 (1989); *State v. White,* 118 Ariz. 279, 280–81, 576 P.2d 138, 139–40 (App. 1978); *State v. Ellison,* 26 Ariz.App. 547, 548, 550 P.2d 101, 102 (1976).

challenges to long-closed convictions by plea where sentencing enhancement is involved. We conclude that a collateral challenge, like the defendant's, to a prior conviction by guilty plea, if the challenge is to advance at all, must be accompanied by sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid. If a defendant meets this burden, then an evidentiary hearing may be warranted at which the burden will be on the Commonwealth to show that the defendant's plea proceedings were conducted in a way that protected his constitutional rights.

(Footnote omitted.)

¶ 12 The Virginia Supreme Court addressed the same issue in *Harris v. Virginia*, 26 Va.App. 794, 497 S.E.2d 165, 169–70 (1998), wherein it said:

When sentence enhancement is an issue, the Commonwealth has the burden of proving the existence of a defendant's prior, valid convictions, and it is assisted with this burden by the "presumption of regularity." Because every final judgment of a court of competent jurisdiction is presumed "to have been rightly done," a "final" criminal conviction is entitled to a "presumption of regularity" when challenged collaterally, even on the ground that it was constitutionally invalid. Thus, if the Commonwealth offers evidence sufficient to prove the existence of a defendant's prior criminal conviction, a presumption arises that the prior conviction was obtained in compliance with the defendant's right to counsel under the Sixth Amendment.

(Citations omitted); *see also Colorado v. Padilla*, 907 P.2d 601, 607 (Colo.1995) ("Given their status as merely one of those sentenc-ing factors, prior convictions need not be proven beyond a reasonable doubt, and the sentencing court may afford these convictions the presumption of regularity that attaches to final judgments."); *North Carolina v. Stafford*, 114 N.C.App. 101, 440 S.E.2d 846, 848 (1994) ("[B]ecause we find that defendant may not collaterally attack the validity of his prior DWI convictions, we find that the trial court properly denied defendant's motion to suppress the evidence of his prior DWI convictions."); *Nebraska v. Lee*, 251 Neb. 661, 558 N.W.2d 571, 577 (1997) (holding that defendants may not "collaterally attack in a special proceeding a prior conviction that is an element of a subsequent offense").[3]

**B.**

¶ 13 The same reasoning that led other jurisdictions to follow the *Parke* decision applies in Arizona. Our case law and rules of criminal procedure have protected criminal defendants' constitutional right to counsel for more than a quarter of a century. For example, in *State v. Anderson*, 96 Ariz. 123, 392 P.2d 784 (1964), we extended the right to counsel in felony matters, recognized in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to include prosecutions for "serious offenses." Additionally, in 1973, Arizona adopted Rule 17.2 of the Arizona Rules of Criminal Procedure, which requires our courts to advise defendants of their rights and the possible consequences that arise from entering a plea of guilty or no contest. Specifically, subsection c requires the court to inform a defendant of his or her right to counsel. *See* ARIZ. R.CRIM.P. 17.2. Moreover, Rule 6.1 of the Arizona Rules of Criminal Procedure provides that "[a] defendant shall be entitled to

---

**3.** Other states also have adopted the "burden shifting" holding of *Parke v. Raley. See, e.g., Harris v. Georgia*, 238 Ga.App. 452, 519 S.E.2d 243, 244 (1999); *Idaho v. Beloit*, 123 Idaho 36, 844 P.2d 18, 19 (1992); *Lingler v. Indiana*, 644 N.E.2d 131, 132 (Ind.1994); *Kansas v. Patterson*, 262 Kan. 481, 939 P.2d 909, 915 (1997); *Louisiana v. Shelton*, 621 So.2d 769, 779–80 (La.1993); *Michigan v. Carpentier*, 446 Mich. 19, 521 N.W.2d 195, 203 (1994); *Montana v. Perry*, 283 Mont. 34, 938 P.2d 1325, 1327 (1997); *New York v. Polanco*, 192 A.D.2d 393, 596 N.Y.S.2d 366, 366–67 (N.Y.App.Div.1993); *North Carolina v. Stafford*, 114 N.C.App. 101, 440 S.E.2d 846, 846–47 (1994); *Lykken v. Class*, 561 N.W.2d 302, 304 (S.D.1997); *Blankenship v. Tennessee*, 858 S.W.2d 897, 902–03 & n. 5 (Tenn.1993); *Tatum v. Texas*, 846 S.W.2d 324, 327–28 & n. 5 (Tex. Crim.App.1993); *Bruner v. Carver*, 920 P.2d 1153, 1155 (Utah 1996); *James v. Virginia*, 18 Va.App. 746, 446 S.E.2d 900, 903–04 (1994); *Vermont v. Porter*, 164 Vt. 515, 671 A.2d 1280, 1281–84 (1996).

be represented by counsel in any criminal proceeding." ARIZ.R.CRIM.P. 6.1.

¶ 14 At the time we decided *Reagan*, it was entirely possible that a prior conviction involved proceedings in which the defendant neither had counsel nor validly waived his right to counsel. Our insistence for nearly thirty years that criminal defendants' right to counsel be enforced, however, makes it unlikely that final judgments entered during those years were obtained without affording a defendant his right to counsel. We have every reason to believe that our trial courts follow the directives of this Court and the United States Supreme Court to assure that *Boykin* rights are fully protected. Thus, the reason for excluding prior final judgments used to enhance sentences or as elements of a crime from the rule of presumptive regularity no longer exists. *See Fernandez v. Romo*, 132 Ariz. 447, 449, 646 P.2d 878, 880 (1982) (stating that when a court-made rule is based upon the circumstances and conditions of the time, the rule can be changed by the court when such conditions and circumstances change); *see also Hageman v. Vanderdoes*, 15 Ariz. 312, 320–21, 138 P. 1053, 1056 (1914) (same).

¶ 15 We therefore overrule *State v. Reagan*, 103 Ariz. 287, 440 P.2d 907 (1968) and *State v. Renaud*, 108 Ariz. 417, 499 P.2d 712 (1972). When the State seeks to use a prior conviction as a sentence enhancer or as an element of a crime, the State must first prove the existence of the prior conviction. At that time, the presumption of regularity attaches to the final judgment. If the defendant presents some credible evidence to overcome the presumption, the State must fulfill its duty to establish that the prior conviction was constitutionally obtained.

¶ 16 Our holding is limited; it changes only the presumption that attaches to prior final judgments. *Reagan* presumed prior convictions invalid for failure to afford the right to counsel. Our holding today presumes prior final judgments valid. We emphasize that our ruling does not lessen the burden on the State, which retains the burden of establishing that a prior conviction is constitutionally valid, whether it is used as a sentence enhancement or as an element of a crime.[4]

¶ 17 Nor does our decision deprive defendants of their right to attack invalid prior convictions. In cases in which a judgment of conviction results from the violation of constitutional rights, the conviction cannot be used either to establish an element of an offense or for purposes of sentence enhancement. Thus, prior convictions may be used by the State only if constitutionally valid.

### IV.

¶ 18 We granted McCann's motion for reconsideration of our original opinion, *State v. McCann*, 197 Ariz. 6, 3 P.3d 388 (2000), to consider whether the defendant should receive an evidentiary hearing at which he can present some credible evidence to overcome the presumption of regularity that attaches to his 1995 DUI conviction.[5] The State asserts that the defendant, by failing to come forward with evidence at trial, or in support of his Rule 20 motion for judgment of acquittal, waived the opportunity to do so now. We agree with the State. Once the trial court found that the State, under the then-applicable standard, had carried its burden of showing the constitutionality of the prior convictions, the defendant could have presented evidence in rebuttal. He failed to do so, and thereby failed to preserve for appeal any

---

4. The parties suggest that deciding whether the presumption of regularity attaches to a final judgment depends upon whether the prior conviction is used to enhance a sentence or to establish an element of a crime. The State would attach the presumption of regularity at least to judgments used to establish an element of the crime; McCann argues the presumption attaches, if at all, only if the State relies upon the judgment to enhance a sentence. We reject that distinction, for which we discern no disciplined

basis. The validity of a prior judgment depends upon the procedures used to procure the judgment, not upon the use to which the judgment is put.

5. The defendant has challenged neither the sufficiency of the evidence to support the current DUI conviction nor the constitutionality of his 1993 DUI conviction. ·

issue concerning his right to present evidence.

¶ 19 We therefore vacate the decision of the court of appeals and affirm the judgment of the superior court.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice.